**In the United States Court of Federal Claims**

|  |  |  |
|---|---|---|
| CHRISTOPHER WILLIAMS, | ) ) ) | |
| Plaintiff, | ) ) | No. 25-2064 |
| v. | ) ) | (Filed: January 8, 2026) |
| THE UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

**ORDER**

    Christopher Williams, proceeding pro se, filed a Complaint in this court on December 4, 2025. Compl., Docket No. 1. Subsequently, Mr. Williams filed an application to proceed in forma pauperis ("IFP"). Mot. to Proceed IFP [hereinafter "IFP Mot."], Docket No. 6. In his Complaint, Mr. Williams claims he is entitled to monetary damages for alleged violations of the First Amendment, the Eighth Amendment, and Mr. Williams' due process rights. Compl. at 5.

    For the reasons that follow, Mr. Williams' application to proceed in forma pauperis is **GRANTED**. However, because the Court lacks subject-matter jurisdiction over Mr. Williams' claim, this case is **DISMISSED without prejudice**.

**DISCUSSION**

**I.   Motion to Proceed in Forma Pauperis**

    Pursuant to 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement . . . of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor."[1] A plaintiff does not have to "be absolutely destitute to enjoy the benefit of the statute." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948). An affidavit that demonstrates that a plaintiff is unable to pay the fee or give security and still provide for himself and any dependents is sufficient. See id.; see also Waltner v. United States, 93 Fed. Cl. 139, 143 (2010) (stating the question is whether "paying such fees would constitute a serious hardship on the plaintiff" (quoting Fiebelkorn v. United States, 77 Fed. Cl. 59, 62 (2007)).

---

[1] For purposes of 28 U.S.C. § 1915, the Court of Federal Claims is a court of the United States. 28 U.S.C. § 2503(d).

Here, Mr. Williams submitted all forms required as a prisoner seeking to proceed in forma pauperis. See 28 U.S.C. § 1915(b). Mr. Williams represents that he currently possesses only $0.90 and receives only $10 per month. IFP Mot. at 1–2. Under these circumstances, Mr. Williams has sufficiently demonstrated that he is unable to pay the court's pre-filing fees.

Notwithstanding the fact that Mr. Williams has satisfied the criteria, prisoners seeking to proceed in forma pauperis are required to pay, in installments over time, the filing fee in full. 28 U.S.C. § 1915(b). Thus, Mr. Williams shall be assessed, as a partial payment of the court's filing fee, an initial sum of twenty percent of the greater of either (1) the average monthly deposits into his account, or (2) the average monthly balance in his account for the six-month period immediately preceding the filing of his Complaint. Id. § 1915(b)(1). Thereafter, Mr. Williams shall be required to make monthly payments of twenty percent of the preceding month's income credited to his account. Id. § 1915(b)(2). The agency with custody of Mr. Williams shall forward payments from his account to the Clerk of the Court of Federal Claims each time the account balance exceeds $10.00 and until such time as the filing fee is paid in full. Id.

Accordingly, Plaintiff's application to proceed in forma pauperis is **GRANTED**, subject to his obligation to pay the filing fee in full pursuant to 28 U.S.C. § 1915(b).

## II.     Subject-Matter Jurisdiction

It is well established that complaints filed by pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the Court that jurisdictional requirements have been met. Harris v. United States, 113 Fed. Cl. 290, 292 (2013). Furthermore, the Court has an independent obligation to satisfy itself of its jurisdiction. See Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07, 514 (2006); see also RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Having reviewed the Complaint, the Court finds that it lacks subject-matter jurisdiction and must dismiss the case on that ground.

The United States Court of Federal Claims is a court of limited jurisdiction. The Tucker Act grants the court the power "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). It serves as a waiver of sovereign immunity and a jurisdictional grant, but it does not create a substantive cause of action. Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008). A plaintiff, therefore, "must identify a separate source of substantive law that creates the right to money damages." Id. (quoting Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); Rick's Mushroom Serv., Inc. v. United States, 521 F.3d 1338, 1343 (Fed. Cir. 2008) ("[T]he plaintiff must look beyond the Tucker Act to identify a substantive source of law that creates the right to recovery of money damages against the United States." (citing United States v. Mitchell, 463 U.S. 206, 216 (1983))).

Mr. Williams' claims do not fall within this Court's limited jurisdiction. First, the United States is the only proper defendant in the Court of Federal Claims. See, e.g., United States v.

2

<u>Sherwood</u>, 312 U.S. 584, 588 (1941). Further, to the extent that Mr. Williams is alleging one or more violations of his civil rights under 42 U.S.C. § 1983, the Court of Federal Claims lacks jurisdiction over such claims. <u>See, e.g.</u>, <u>Elkins v. United States</u>, 229 Ct. Cl. 607, 608 (1981).

Moreover, Mr. Williams has not identified any money-mandating source of substantive law giving him a right to money damages, as required for Tucker Act jurisdiction. <u>See</u> <u>Jan's Helicopter Serv.</u>, 525 F.3d at 1306. His claims involve potential First and Eighth Amendment violations, as well as possible due process violations. Because none of these sources of law is money-mandating, the Court lacks subject-matter jurisdiction to adjudicate Mr. Williams' claims. <u>See, e.g.</u>, <u>Jordan v. United States</u>, 128 Fed. Cl. 46, 53–54 (2016) (explaining Fifth and Fourteenth Amendment due process claims, as well as Eighth Amendment claims, are not money-mandating).

For these reasons, the Court lacks subject-matter jurisdiction over Mr. Williams' claims. Accordingly, Mr. Williams' Complaint is **DISMISSED without prejudice.** The Clerk shall enter judgment accordingly.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge